IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| OREGON NATURAL DESERT ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-210-KI |
| vs. | ) ) | OPINION AND ORDER |
| CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce, WILLIAM T. HOGARTH, Director, NOAA Fisheries, and NAT'L MARINE FISHERIES SERVICE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Peter M. Lacy
Oregon Natural Desert Association
917 S. W. Oak Street, Suite 408
Portland, Oregon  97205

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 S. W. Terwilliger Blvd
Portland, Oregon  97219

   Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Karin J. Immergut
United States Attorney
Herbert Sundby
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

Elizabeth J. Shapiro
Assistant Branch Director
Peter T. Wechsler
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N. W.
Washington, D. C. 20530

      Attorneys for Defendants

KING, Judge:

This Opinion addresses the additional evidence filed by defendants in their attempt to establish the reasonableness of the cut-off regulation. To refresh memories, I will quote from my previous Opinion:

> ONDA challenges the following regulation:
>
> > Records responsive to a request shall include only those records within the department's possession and control as of the date the proper component receives the request.
>
> 15 C.F.R. § 4.5(a).
>
> Commerce circulated this memorandum on June 2, 2005:
>
> > This is to advise you of guidance in applying 15 C.F.R. § 4.5(a), the Department's FOIA regulation establishing the cut-off date for locating records responsive to a FOIA request, to requests that have been clarified by the requestor [sic]. In cases where a request requires clarification, the component must contact the requester promptly upon receipt of the request to obtain clarification. The date that clarification (which includes modification of a request) is received is deemed the date that the request is

Page 2 - OPINION AND ORDER

received, both for purposes of setting a cut-off date and for calculating the date by which the response is due.

Dolan Decl. Ex. B.

      Defendants argue that it is proper to use a FOIA request's date of receipt as the cut-off date when processing documents. Brenda Dolan, FOIA and Privacy Act Officer for the Department of Commerce, states that establishing a cut-off date is important to assure that each component and subcomponent of the agency searching for records responsive to a FOIA request applies uniform search parameters. Dolan believes that in most cases, the date a FOIA request is received, or the date of a clarification of that request, is the same as or close to the date on which the component starts the search for responsive documents because the receipt of a request is the first step in conducting the search. Thus, defendants argue that the cut-off date does not cause a significant difference in what documents are provided, particularly in light of the new guidance about modified requests.

      ONDA contends that FOIA entitles it to receive all responsive documents in NOAA Fisheries' possession or control up to or near the date of the release of records. When there is a months long delay between the date-of-request cut-off date and the search, requesters are forced to periodically resubmit identical requests to get more recent records which originated in the intervening months. ONDA notes that NOAA Fisheries completed its response to ONDA's March 11, 2004 request on March 2, 2005 but produced no record more recent than April 23, 2004, leaving ten months unaccounted for and forcing ONDA to file the January 7, 2005 request for the same documents. I note that the second request resulted in 55 more documents.

      Again, both sides rely on McGehee to support their arguments. Reasonableness is again the standard to be applied. McGehee, 697 F.2d at 1100-01. The agency has the burden of persuasion that any limitations it imposes on a search "comport with its obligation to conduct a reasonably thorough investigation." Id. at 1101. McGehee held that the agency before it did not adequately substantiate its date-of-request cut-off policy when documents were not disclosed until nearly two and one-half years after the original request. The agency had relied on arguments concerning administrative nightmares, confusion by different agency components performing the search, precision of the search, and additional costs of successive searches. Id. at 1103-04. The court offered a sample procedure in which a preliminary search would be done by agency components likely to have responsive documents, the requester is notified that the agency has

Page 3 - OPINION AND ORDER

documents and will fully process the request when it reaches the front of the queue, and when that occurs, a thorough search is performed for all documents possessed as of the search date. Id. at 1104. The court also realized that there might be persuasive, but undisclosed, reasons for the agency's current procedure. It remanded to allow the agency a chance to adduce additional and more detailed evidence to persuade the district court that its present practice was reasonable. Id.

The District of Columbia Circuit followed McGehee's analysis in a more recent case, Public Citizen v. Dept. of State, 276 F.3d 634 (D.C. Cir. 2002), to hold that the date-of-request cut-off policy was unreasonable generally and as applied to the FOIA request before the court. The agency proffered two unpersuasive justifications. First, the court was unconvinced that a later cut-off date would result in a longer wait for the requester because the policy forced requesters into making multiple requests to get more recent records. Second, although the agency wanted to use a uniform date when tasking multiple agency components to perform the search, the court concluded that a date-of-search cut-off could be used in the one component that had the most records and the longest processing queue. Id. at 643-44.

Defendants have not given me enough information about what actually happens during these prolonged searches for me to determine whether the cut-off date regulation is reasonable. I agree that some cut-off date is likely needed, if for no other reason than to let the requester track whether to submit a follow-up request. It is unclear to me, however, whether most of the time between the request and the response, or multiple responses as occurred here, is spent actually searching. It is possible that the request is awaiting its turn for processing during the vast majority of the months that pass. I also do not understand how much complication arises when searches must be performed by multiple components of the agency. Similarly, I do not know why responses came out in dribs and drabs rather than all at once. Although it seems to me that a later cut-off date could be used, I am suspicious that the process is more complicated than I envision based on the record before me. Consequently, I will take the suggestion in McGehee and defer ruling on this issue to allow defendants to provide additional evidence explaining the process and more specific reasons for the date-of-request cut-off date.

Op. and Order at 24-27, Jan. 9, 2006.

Defendants provide a declaration from Nicolle Hill, the Freedom of Information Act Coordinator for the Northwest Region of the National Marine Fisheries Service. Hill states that

the length of time Commerce takes to process a FOIA request varies based on the time frame specified, the volume of records sought, the number of agency components or regions involved, and the application of exemptions. In fiscal year 2004, the median time for Commerce to process FOIA requests was 13 days for simple requests and 41 days for complex requests. Interim responses are sent to requesters as particular components or regions process the records. Commerce regulations require that the application of exemptions be reviewed by the NOAA Fisheries headquarters.

Hill also provided more specifics about ONDA's two requests at issue in this action. The first request was sent by ONDA on March 17, 2004 seeking 5 years of records. Hill assigned the request to the Habitat Conservation Division for processing. Responsive documents were located in branches in Ellensburg, Washington, LaGrande, Oregon, and Portland, Oregon. Hill set the cut-off date to be March 29, 2004, the date the request was received. She sought a clarification on April 12, 2004, received a response from ONDA on April 30, 2004, and informed the Habitat Division of the clarification. Although Hill does not so state, I assume that she followed the guidance and changed the cut-off date to April 30, 2004.

The branches sent Hill 4,166 pages of responsive documents in mid-August 2004. ONDA notes that this large page count represents only 79 documents. Hill sent responsive documents to ONDA on August 18 and October 6, 2004. In mid-October, Hill spoke to two fisheries biologists concerning whether to release, refer, or withhold some documents. She sent additional responsive documents to ONDA on October 18, 2004. In October and November of 2004, Hill again checked with fisheries biologists about some additional documents under review. She sent the remaining non-privileged documents to ONDA on November 18, 2004.

Page 5 - OPINION AND ORDER

Because exemptions were applied, Hill's draft of the final response had to be reviewed by headquarters, which sent the final response to ONDA on December 20, 2004.

ONDA sent the second, follow-up FOIA request on January 7, 2005, seeking only documents from the prior ten months. The length of time to be searched was much shorter for this second request and no exemptions were applied. Hill received responsive documents in late February and early March 2005 and released all responsive documents and the final response to ONDA on March 5, 2005.

Hill concludes that most of the documents released in response to the second request were created or received by Commerce after the searches were conducted for the first request. The lengthy amount of time consumed by the first request was due to the long time frame covered, the modification of the scope of the request, the number of offices involved, the volume of responsive documents, and the internal review of exemptions and the draft final response. Hill states that the time was not extended by a backlog of searches.

## DISCUSSION

The additional information is helpful but still does not give me a complete picture of what is happening during the extended period of time to respond to the first ONDA request. For example, although the cut-off date was April 30, 2004, Hill did not receive the responsive documents until mid-August 2004. Hill states that there were no backlogs adding to the response time. I still do not know, however, if the actual searches in the three branch offices are each a one-hour session at a computer or if the full three and one-half months are spent by a clerk rummaging through file cabinets. If it is the latter, the cut-off date regulation is reasonable. If it is the former, however, and the computer search takes place the day prior to sending the

Page 6 - OPINION AND ORDER

documents to Hill in mid-August, defendants have not persuaded me that they have fulfilled their obligation to conduct a reasonably thorough investigation. The cut-off date could be updated to reflect the date of the search. I also have no idea what occurred between August 18 and October 6. Was Hill waiting for input from somebody or did she give her attention to other FOIA requests? Defendants did provide an adequate explanation of the time lag that occurred between October 6 and December 20, particularly the need for review higher up in the organization.

I must conclude that the cut-off regulation is not reasonable on its face and violates FOIA. I grant summary judgment in ONDA's favor on Claim Four.

## CONCLUSION

ONDA is entitled to both declarative and injunctive relief. I ask the parties to confer on the exact relief to be ordered. I will hold a status conference in the near future on that topic.

IT IS SO ORDERED.

Dated this   2nd   day of March, 2006.

                                               /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge