IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| OREGON NATURAL DESERT ASS'N, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-210-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CARLOS M. GUTIERREZ, Secretary | ) | |
| United States Department of Commerce, | ) | |
| WILLIAM T. HOGARTH, Director, | ) | |
| NOAA Fisheries, and NAT'L MARINE | ) | |
| FISHERIES SERV., | ) | |
| | ) | |
| Defendants. | ) | |

Peter M. Lacy
Oregon Natural Desert Association
917 S.W. Oak Street, Suite 408
Portland, Oregon  97205

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 Terwilliger Blvd.
Portland, Oregon  97219

Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Karin J. Immergut
United States Attorney
Timothy W. Simmons
Assistant United States Attorney

Elizabeth J. Shapiro
Assistant Branch Director
Peter T. Wechsler
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D. C.  20530

       Attorneys for Defendants

KING, Judge:

I previously granted summary judgment in favor of plaintiff Oregon Natural Desert Association ("ONDA") on three of its Freedom of Information Act ("FOIA") and Administrative Procedures Act ("APA") claims but dismissed a fourth.  Before the court is ONDA's Motion for Attorney Fees and Costs (#53).

## DISCUSSION

ONDA seeks $57,386.55 in attorney fees and costs under FOIA, 5 U.S.C. § 552(a)(4)(E), and alternatively, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendants raise several objections to the request.

Defendants contend that any fee award for work on claims brought under the APA must be made under EAJA, not FOIA, and thus must comply with the EAJA's statutory cap on the hourly rate.

Page 2 - OPINION AND ORDER

ONDA alleged that NOAA Fisheries violated FOIA (Claim One) and the APA (Claim Two) when responding to ONDA's FOIA requests by failing to make a determination within the required 20-day period and by failing to release all responsive, non-exempt documents.  In Claim Three, ONDA alleged that the referral regulation violates the APA because it violates FOIA facially and as applied to the requests.  In Claim Four, ONDA alleged that the cut-off regulation violated FOIA when applied to the March 11, 2004 FOIA request.

Defendants prevailed on Claim Three, concerning the referral regulation.  The claim was dismissed with prejudice.  ONDA received a declaratory judgment in its favor on Claims One (under FOIA) and Two (under the APA) and a permanent injunction in its favor on Claim Four (under FOIA).  Although successful Claim Two was brought under the APA, I consider this action to be a FOIA case.  The factual allegations are the same for the FOIA and APA claims. The substantive issues that ONDA challenged are FOIA statutory time limits and regulations specifying how defendants would respond to FOIA requests.  I will analyze the fee request under FOIA and decline to address further the arguments made under EAJA.

I.    Eligibility and Entitlement under FOIA

To be awarded fees in a FOIA action, a prevailing party "must demonstrate both *eligibility* for and *entitlement* to such a recovery."  Long v. United States Internal Revenue Service, 932 F.2d 1309, 1313 (9th Cir. 1991) (emphasis in the original).

A FOIA plaintiff is eligible for fees if he has substantially prevailed on his claim.  To qualify prior to Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 121 S. Ct. 1835 (2001), a plaintiff had to present convincing evidence of meeting two threshold conditions:  (1) filing the FOIA action was necessary to get

the information; and (2) the action had a "*substantial causative* effect" on the ultimate receipt of the information. Long, 932 F.2d at 1313 (emphasis in the original). Buckhannon rejected the "catalyst theory" in its analysis of who is a prevailing party when attorney fees are sought under the Fair Housing Amendments Act and the Americans with Disabilities Act. Other circuits have concluded that Buckhannon must be applied to FOIA, namely that to be eligible for attorney fees, the plaintiff must have "been awarded some relief by [a] court, either in a judgment on the merits or in a court-ordered consent decree." Oil, Chemical and Atomic Workers v. Dept. of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (internal quotation omitted). I am unaware of the Ninth Circuit addressing Buckhannon in the FOIA context, but it has applied Buckhannon in the EAJA context. Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002). I will follow Oil, Chemical and apply Buckhannon to FOIA.

Defendants contend that ONDA should not receive fees for time spent on unsuccessful claims. Defendants argue that ONDA did not substantially prevail on Claims One and Two because the claims did not result in a court order compelling the release of additional documents.

It is true that I did not require the release of additional documents but I did reach the merits of the claims. I held that defendants failed to make a timely determination, resulting in an improper withholding under FOIA. This is more than a procedural victory and satisfies Buckhannon.

Defendants further contend that ONDA did not seek relief under FOIA in Claim Four because in challenging the cut-off regulation, ONDA was not seeking relief available under FOIA, namely, the release of documents. I disagree. ONDA was challenging a regulation which

I found violated FOIA.  Accordingly, I conclude that ONDA is eligible to receive attorney fees under FOIA.

If the FOIA plaintiff demonstrates that he is *eligible* for fees, the court may determine, in its discretion, that he is *entitled* to an award of attorney fees.  Four factors are considered: "(1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law."  Long, 932 F.2d at 1313. The court may also consider other relevant factors.

ONDA is a nonprofit public interest group that advocates for environmental protection.  It sought the documents to monitor the Section 7 consultation processes under the Endangered Species Act concerning the effects of livestock grazing on listed steelhead and bull trout in the John Day River basin in eastern Oregon.  That purpose epitomizes a public benefit from the disclosure.  ONDA receives no commercial benefit from the disclosure.  Moreover, I am not persuaded that defendants' withholding of the records had a reasonable basis in law.  I never did get a full explanation of why the process was so delayed.  Thus in my discretion, I conclude that ONDA is entitled to attorney fees under FOIA.

II.    Reasonableness

After passing these hurdles, the court must determine the reasonableness of the number of hours spent and the hourly fees claimed.  If the two are reasonable, there is a strong presumption that their product, the lodestar amount, is a reasonable award.  The lodestar amount can be adjusted upward or downward if certain factors overcome the strong presumption.  Id. at 1314; see Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) (identifying twelve

factors).  The number of hours reasonably spent may be adjusted for time spent on unsuccessful

claims.  See Hensley v. Eckerhart, 461 U.S. 424, 434-36, 103 S. Ct. 1933 (1983) (discussing

adjustments for unsuccessful claims, whether unrelated or related).

     A.    Number of Hours Spent

Defendants contend that ONDA should receive no fees for the work on Claim Three,

which I dismissed, concerning the referral regulation.  ONDA argues that it should receive all

fees sought because Claim Three was related to the other three successful claims.  It contends

that it obtained excellent results overall.

> To determine fees in cases of partial success, . . ., [a] court must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.
>
>     The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated.  [C]laims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually; claims are related, however, if they involve a common core of facts *or* are based on related legal theories.  At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct.  If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.
>
>     If, however, the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  When a plaintiff has achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotations and citations omitted; emphasis in the original) (award under 42 U.S.C. § 1988 in a civil rights case).

Claim Three alleged that the referral regulation violated FOIA on its face, as well as in its application to ONDA's requests at issue in this case. ONDA sought an injunction prohibiting defendants from relying on the regulation in the future, or in implementing it in a way that causes unreasonable delays in processing FOIA requests. The facts concerning the two ONDA requests are identical in all four claims. I referred to the facts surrounding ONDA's requests when analyzing Claim Three. The legal argument against the referral regulation, however, is distinct from the other claims. Since Claim Three involves a common core of facts, I conclude that it is related to the other claims, especially Claims One and Two, which challenged the timeliness of the responses.

Since Claim Three is a related claim, I must apply the second part of the analysis and evaluate the significance of the overall relief obtained by ONDA in relation to the hours reasonably expended on the litigation.

This litigation had three main issues: (1) the timeliness of defendants' response to the two FOIA requests; (2) the cut-off regulation; and (3) the referral regulation. ONDA prevailed on the first two only. That is balanced by two factors. First, the underlying facts were extremely complex and would require significant time to explain sufficiently to the court, even though we were working from an administrative record. Second, I had to ask for additional briefing on the cut-off regulation issue, on which ONDA prevailed. I conclude that ONDA achieved only partial success, making the lodestar amount somewhat excessive for the success achieved. To allow for this, I will reduce the fees by 15%.

Defendants next contend that ONDA should not receive fees for work performed at the administrative stage because FOIA grants awards of "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). FOIA provides for a district court to respond to a complaint for withheld agency records. Id. at § 552(a)(4)(B). Defendants object to 8.6 hours of work.

ONDA notes the FOIA exhaustion requirement and cites Native Village of Quinhagak v. United States, 307 F.3d 1075, 1083 (9th Cir. 2002), which held that attorney fees could be awarded for efforts to exhaust administrative remedies under the Alaska National Interest Lands Conservation Act ("ANILCA"). The court relied on ANILCA's purpose of allowing rural Alaskans to have a meaningful role in the management of subsistence fishing. The court found that an accurate administrative record to further this purpose could best be developed with adequate representation during the mandatory administrative proceedings. Id. at 1082-83.

FOIA's "basic purpose reflect[s] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Dept. of Air Force v. Rose, 425 U.S. 352, 360-61 (1976). As in Quinhagak, exhaustion of remedies is required and provides a sufficient record for the civil action. The fees objected to for this reason are quite limited. I deny defendants' objection to attorney fees incurred during the administrative proceedings.

Defendants next argue that fees should not be awarded for time that was nonproductive, unnecessary, or excessive. Defendants object to several billing entries on this basis.

Page 8 - OPINION AND ORDER

Defendants object to 8.3 hours spent drafting and serving discovery requests, conducting research regarding the availability of discovery, and contemplating discovery motions. Defendants note that discovery is generally not available in a FOIA action.  Plaintiffs contend that FOIA does not bar discovery and note that they served one discovery request, which exerted pressure on defendants to agree to an expedited briefing schedule.

Although discovery would be unusual, it is not unheard of.  I deny the objection.

Defendants object to 1.4 hours spent drafting a motion to strike a response brief which had not been requested by the court.  ONDA notes that time spent on unsuccessful motions filed in pursuit of ultimately successful claims is compensable.

I agree with ONDA.  I am analyzing the fee request at the claims level and not the individual motion level.  I deny the objection.

Defendants object to 6.8 hours ONDA's attorneys spent performing what defendants characterize as clerical work, such as printing, copying, and mailing.  ONDA concedes that 1.5 of the hours should be eliminated as clerical tasks typically disallowed by the courts.  See Davis v. City and County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (purely clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate), vacated in part on other grounds, 984 F.2d 345 (1993).

My reduction above for partial success adequately addresses this objection.  I will not make a further reduction.

Defendants contend that the hours ONDA seeks should be reduced to account for overstaffing and duplication of effort.  In particular, defendants object to 50 hours of time spent by a law student researching the issues of mootness and exhaustion of remedies when attorney

Page 9 - OPINION AND ORDER

Lacy also researched the same issues.  Defendants also object to time billed by attorney Lacy and supervising attorney Parent for both appearing at two court hearings and two hours of research by Parent after judgment was entered.  ONDA argues that none of this work is duplicative and is appropriate supervision.  It cites Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286-87 (9th Cir. 2004), which notes that courts need to examine with skepticism claims of the need for multiple lawyers on a task.  Democratic Party also noted, however, that a second attorney may be needed to assist at an oral argument or to be informed for later decisions on how to proceed.  Id.

I agree that the law student's time researching mootness and exhaustion is too long to be awarded in full.  I also note that she spent 7.6 hours on other tasks.  I will reduce the award for her work to 25 hours total.  Parent's supervision was limited and reasonable.  I deny the objection on that ground.

Defendants next contend that any reduction above should also be applied pro rata to the fees-on-fees request.  ONDA does not address this objection. Defendants also argue that excessive time was spent on the fee petition, noting 2.1 hours to prepare a motion for leave to double the length of the memorandum, the 20-page memorandum itself, and declarations from three outside attorneys to justify the time and rate.  ONDA defends the necessity of the work.

The time spent on the fee petition is compensable but reductions for this reason have been approved.

> [B]ecause *Hensley* . . . requires the district court to consider the relationship
> between the amount of the fee awarded and the results obtained, fees for fee
> litigation should be excluded to the extent that the applicant ultimately fails to
> prevail in such litigation. . . . [W]e have held that a district court does not abuse

its discretion by applying the same percentage of merits fees ultimately recovered
to determine the proper amount of the fees-on-fees award.

Schwarz v. Sec'y of Health & Human Serv., 73 F.3d 895, 909 (9th Cir. 1995) (internal quotation

and citation omitted).

I will apply Schwarz and reduce the fees-on-fees time by 15%, to match the reduction for

partial success, but make no further reduction for excessive time.

B.    Hourly Rate

Defendants object that the hourly rates sought exceed the EAJA statutory cap without

sufficient justification. Because I am awarding fees under FOIA and not EAJA, the cap does not

apply.

Defendants also contend that the hourly rates sought by ONDA's lead counsel, attorney

Lacy, are excessive. Lacy's rate varies between $190 and $210 over the course of the case. He

had practiced less than four years when this case was filed but is ONDA's staff attorney and

specializes in environmental and public interest litigation. Defendants suggest that because Lacy

is a fairly new attorney, an hourly rate of $160 is reasonable. ONDA points to the affidavits of

other attorneys familiar with the rates charged in the area who state that Lacy's hourly rate is

reasonable in light of his environmental experience.

The Oregon State Bar 2002 Economic Survey provides some initial benchmarks,

although the data is several years behind the current market. The hourly billing rate of Portland

attorneys in all areas of private practice with zero to three years of experience averages $144,

with a 25th percentile of $129 and a 95th percentile of $181. Experience of four to six years

averages $165, with a 25th percentile of $145 and a 95th percentile of $221. Portland civil

Page 11 - OPINION AND ORDER

litigation plaintiff attorneys, excluding personal injury, with all levels of experience average $186 with a 25th percentile of $160 and a 95th percentile of $263. Portland real estate/land use/environmental law attorneys with all levels of experience average $222 with a 25th percentile of $180 and a 95th percentile of $309.

Based on these rates, I conclude that Lacy's rates are not excessive for this type of specialized work. I deny the objection.

## CONCLUSION

ONDA's Motion for Attorney Fees and Costs (#53) is granted in part. To accomplish the rulings above, I will first take care of the law student objection and deduct 24.7 hours at $90 per hour. This reduces the $57,386.55 sought to $55,163.55. Next, I will take the 15% reduction from the entire amount to account for the partial success deduction and the fee-on-fee deduction. Accordingly, I award $46,889.02 in attorney fees and costs.

IT IS SO ORDERED.

Dated this _____7th_____ day of August, 2006.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge