IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, | Civil Case No. 05-210-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **GARY LOCKE,** Secretary, United States Department of Commerce, *et al.,* | |
| Defendants. | |

Peter M. Lacy
Oregon Natural Desert Association
917 SW Oak Street, Suite 408
Portland, Oregon 97205

Stephanie M. Parent
4685 SW Flower Place
Portland, Oregon 97221

Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Kent S. Robinson
Acting United States Attorney
Timothy W. Simmons
Assistant United States Attorney

Tony West
Assistant Attorney General
John R. Tyler
Assistant Branch Director
Peter T. Wechsler
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D. C.  20530

    Attorneys for Defendants

KING, Judge:

Before the court is plaintiff's Amended Motion for Attorney Fees and Costs (#79).

## PROCEDURAL BACKGROUND

Plaintiff Oregon Natural Desert Association ("ONDA") filed this action after defendants inadequately responded to ONDA's requests for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  I eventually granted summary judgment, holding:  (1) the untimely responses violated FOIA (Claim One) and the Administrative Procedure Act, 5 U.S.C. §§ 701-706, (Claim Two); (2) the referral regulation, 15 C.F.R. § 4.5(b), did not violate FOIA (Claim Three); and (3) the cut-off regulation, 15 C.F.R. § 4.5(a), violated FOIA (Claim Four).  I entered Judgment and subsequently awarded attorney fees and costs of $46,889.02 to plaintiff under FOIA, based on plaintiff being the prevailing party on three of its four claims.

Defendants appealed only the award of attorney fees and costs. The Ninth Circuit affirmed in part, reversed in part, and remanded for recalculation of the attorney fee award. The Ninth Circuit held that plaintiff was not a substantially prevailing party in Claims One and Two.

> As to those claims, the defendants provided the documents ONDA requested before the district court ordered that they be turned over. ONDA was successful in obtaining the documents, but it succeeded by use of the catalyst theory of recovery, and not by either a judgment on the merits or a court-ordered consent decree as required by Buckhannon [Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598 (2001)].

Oregon Natural Desert Ass'n v. Locke, 572 F.3d 610, 612 (9th Cir. 2009). Plaintiff did not prevail in Claim Three under any theory. The Ninth Circuit held that plaintiff was only eligible for fees on Claim Four, the successful challenge to the cut-off regulation:

> As the catalyst theory is the only theory under which ONDA can be said to have prevailed on claims one and two in this FOIA action, ONDA is not eligible for the attorney fees awarded to it for its success on those claims. But it is entitled to attorney fees for its success on claim four. We therefore reverse the award of attorney fees and remand to the district court for it to calculate an award of attorney fees and costs to be awarded to ONDA for its success as the prevailing party on claim four.

Id. at 618-19.

Further, the Ninth Circuit transferred to this court the consideration of attorney fees on appeal.

## DISCUSSION

ONDA reasons it still satisfies the threshold condition of being a prevailing party in this case, and the appeal did not disturb this court's underlying judgment of ONDA's success on three of its claims. ONDA contends that it is entitled to the full amount this court previously awarded, minus a reduction of ten percent, plus fees and costs on appeal and fees for work after remand.

Page 3 - OPINION AND ORDER

Under the partial success analysis, ONDA asks this court not to disturb its previous finding that all four claims are related by a complex core of facts. ONDA argues that it achieved nearly everything it sought in the litigation, including the documents and an injunction prohibiting use of the cut-off regulation. Although it failed to get an injunction against the referral regulation, ONDA claims that the appellate ruling has no bearing on the excellent results it achieved so it should recover a fully compensatory fee. In recognition of the appellate court's remand for recalculation, ONDA reduced the amount sought by a further ten percent in addition to this court's original fifteen percent reduction. Thus, ONDA seeks $42,200.12 of the original award, $62,211.50 for work on the appeal, and $18,082.55 for work after remand, for a total of $122,494.17.

Defendants argue that the court should deny ONDA's fee request entirely because, even though the Ninth Circuit directed that fees be calculated solely on the one successful claim, ONDA improperly seeks fees on all claims without itemizing work on the successful claim. Alternatively, if the court decides to award some fees, defendants contend that the court should exclude work on unsuccessful claims and issues and reduce excessive and nonproductive time, even if the claims are interrelated. ONDA asks the court to limit the award to 40 hours of work on the merits of the case.

To be awarded fees in a FOIA action, a prevailing party "must demonstrate both *eligibility* for and *entitlement* to such a recovery." Long v. IRS, 932 F.2d 1309, 1313 (9th Cir. 1991) (emphasis in the original). The Ninth Circuit determined that ONDA was eligible for fees due to its success on Claim Four. Defendants do not argue with my previous determination that

Page 4 - OPINION AND ORDER

ONDA was entitled to fees based on the factors explained in Long. I also see no reason to revisit that determination. The issue is the amount of fees I should award.

The number of hours reasonably spent may be adjusted for time spent on unsuccessful claims. See Hensley v. Eckerhart, 461 U.S. 424, 434-36, 103 S. Ct. 1933 (1983) (discussing adjustments for unsuccessful claims, whether unrelated or related).

> To determine fees in cases of partial success, . . ., [a] court must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.
>
> The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated. [C]laims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually; claims are related, however, if they involve a common core of facts *or* are based on related legal theories. At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct. If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.
>
> If, however, the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. When a plaintiff has achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotations and citations omitted; emphasis in the original) (award under 42 U.S.C. § 1988 in a civil rights case).

I previously concluded that all four claims were related, due to the common core of facts. I note, however, that I held in Claim Four that the cut-off regulation *facially* violated FOIA, a

Page 5 - OPINION AND ORDER

ruling which did not rely on the facts. Moreover, although I agree that ONDA obtained excellent results, it completely failed to obtain relief against the referral regulation. On appeal, the Ninth Circuit gave no guidance on how to apply a partial success analysis to its holding. My interpretation of the appellate opinion compels a conclusion that when calculating attorney fees, the hours ONDA spent on any claim other than successful Claim Four were not reasonable. If the Ninth Circuit thought otherwise, there would be no need to remand the case to me "to calculate an award of attorney fees and costs to be awarded to ONDA for its success as the prevailing party on claim four." ONDA, 572 F.3d at 619.

Accordingly, I must determine the amount of time that ONDA spent on Claim Four. This is impossible to do with the time sheets provided by ONDA because the attorneys did not separate work on the different issues. On the other hand, I think it is unreasonable to award no fees, as defendants suggest. I am left with the option of awarding 25% of the fees ONDA seeks for the work on the merits. In the prior opinion, I applied a 15% reduction to account for ONDA's partial success. Now, I award 25% of the entire amount ONDA seeks for work on the merits and fees-on-fees prior to the appeal. ONDA originally sought $55,163.55, accounting for a small deduction I made for other issues. Accordingly, I award $13,790.89.

I now turn to the fees ONDA seeks for work on the appeal and the fees-on-fees on the remand. This requires me to address defendants' argument that I should apply rates I previously adopted for ONDA's 2005 and 2006 work to all work ONDA performed in later years.

Defendants provide no support for this argument and I see no reason to award fees at old rates. The highest rates the three attorneys, Parent, Lacy, and Becker, seek for 2009 work are $350, $295, and $315, respectively. In the December 2007 Oregon State Bar Economic Survey,

Page 6 - OPINION AND ORDER

the 75th percentile was $315 per hour for real estate, land use, and environmental specialties. The attorneys range from eight to seventeen years of experience in environmental law. I conclude that the attorneys' hourly rates are reasonable.

ONDA seeks all of its fees for the 235 hours it spent on the appeal, $62,211.50, contending that it prevailed on the legal issue defendants presented to the appellate court. According to ONDA, defendants' main contention on appeal was that this was not a case under FOIA. Because the Ninth Circuit rejected that argument, and held that ONDA was a prevailing party on one claim, ONDA argues that it ultimately won the war even though it lost a skirmish or two.

Defendants view the appeal differently. They claim that ONDA spent the vast majority of its work on appeal on unsuccessful claims and issues, including: (1) ONDA's contention that defendants waived their appeal of the fee award by not challenging the relief sought in the judgment; (2) this court's judgment made ONDA eligible under Buckhannon for fees on Claims One and Two; and (3) ONDA's motion, which was referred to the merits panel, that the 2007 FOIA amendments applied retroactively to permit the award of fees on Claims One and Two under the catalyst theory. Defendants claim that the only appeal issue on which ONDA prevailed was its contention that fees on Claim Four should be awarded under FOIA and not under the EAJA, as defendants contended. Defendants ask the court to limit fees awarded for appeal work to ten hours.

ONDA prevailed on the appeal; specifically, ONDA won its argument that this was a FOIA case, not an EAJA case, and that it was eligible for FOIA fees. ONDA lost on the three significant points noted by defendants. Defendants' suggestion of ten hours for appellate work is

Page 7 - OPINION AND ORDER

much too low; at the same time, ONDA's request for 235 hours is unreasonably high for this appeal, which was limited to the issue of fees and not the merits of the litigation. I conclude that a 60% reduction in the fees sought on appeal appropriately accounts for the limited success achieved by ONDA. This results in a fee award of $24,884.60 for the appellate work.

ONDA seeks reimbursement for 52.5 hours of work on remand, specifically fees-on-fees work, for a total of $18,061.50. Defendants ask the court to apply a pro rata reduction to the fees-on-fees award sought by ONDA, limiting the fees-on-fees award to 15 hours.

"[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Atkins v. Apfel, 154 F.3d 986, 990 (9th Cir. 1998). I did not accept ONDA's argument in the litigation on remand, but I also refused defendants' request to award no fees. I will apply the same 75% deduction that I applied to the work on the merits, resulting in an award for work on the remand of $4,515.37.

In summary, I award $13,790.89 for work on the merits, $24,884.60 for work on the appeal, and $4,515.37 for work on the remand, for a total of $43,190.86.

## CONCLUSION

Plaintiff's Amended Motion for Attorney Fees and Costs (#79) is granted in part. I award $43,190.86 in attorney fees.

IT IS SO ORDERED.

Dated this     5th     day of January, 2010.

    /s/ Garr M. King
Garr M. King
United States District Judge